## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

EDDIE LEE QUICK,                          :

          **Plaintiff**          :     CIV. ACTION NO. 3:25-CV-1346

          **v.**                :          (JUDGE MANNION)

SCI HUNTINGDON DEPARTMENT
OF CORRECTIONS INSTITUTION,   :

          **Defendants**         :

### MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. §1983. For the reasons set forth below, the complaint will be dismissed without prejudice, and plaintiff will be granted leave to file an amended complaint.

### I.    BACKGROUND

Plaintiff, Eddie Lee Quick, filed this case on Jul 17, 2025, in the United States District Court for the Eastern District of Pennsylvania. (Doc. 1). That court transferred the case to this district on July 23, 2025, because Quick has been incarcerated in Huntingdon State Correctional Institution ("SCI-Huntingdon") at all relevant times. (Doc. 3). The case is before the court for a screening review pursuant to 28 U.S.C. §1915A(a) and 28 U.S.C. §1915(e)(2)(B)(ii).

According to the complaint, Quick went to the prison commissary on June 17, 2025, to retrieve an order he had previously placed. (Doc. 1 at 3). When he arrived at the commissary, an employee named "Ms. Posey"[1] told him that his order was in "another room." (*Id.*) The complaint alleges that this was a "lie" and that the order was there in the room with Posey. (*Id.*)

Quick spoke with a sergeant about the missing commissary order on June 23, 2025, who stated that he would contact the commissary to see if Quick's items could be given to him. (*Id.* at 4). The sergeant then spoke with an employee from the commissary, who told him that Quick had signed a document indicating that he had received the order. (*Id.*) The complaint alleges that this statement was untrue and that he had not signed any document or received his order. (*Id.*) Quick returned to the commissary later on June 23, 2025, where two employees purportedly told him that he had signed for the commissary order. (*Id.* at 6). The employees then showed him a copy of the signature, which he stated was not his signature. (*Id.*)

Quick again went to the commissary on June 30, 2025, and another employee purportedly told him that there was no commissary order for him. (*Id.* at 5). This employee was purportedly the same person who had spoken with the sergeant about Quick's previous commissary order. (*Id.*) Quick told

---

[1] Posey is not named as a defendant.

2

the employee that he had not signed for his commissary on the previous

occasion. (*Id.*) Quick again did not receive his commissary order. (*Id.*)

## II.    DISCUSSION

This court must review a complaint when "a prisoner seeks redress

from a governmental entity or officer or employee of a governmental entity."

28 U.S.C. §1915A(a). If a complaint fails to state a claim upon which relief

may be granted, the court must dismiss the complaint. *Id.* §1915A(b)(1). The

court has a similar screening obligation regarding actions filed by prisoners

proceeding *in forma pauperis*. *Id.* §1915(e)(2)(B)(ii) ("[T]he court shall

dismiss the case at any time if the court determines that . . . the action or

appeal . . . fails to state a claim on which relief may be granted.").

In screening legal claims under Sections 1915A(b) and 1915(e)(2)(B),

the court applies the standard governing motions to dismiss filed pursuant to

Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g.*, *Coward v.

City of Philadelphia*, 546 F. Supp. 3d 331, 333 (E.D. Pa. 2021); *Smith v.

Delaware*, 236 F. Supp.3d 882, 886 (D. Del. 2017).

To avoid dismissal under Rule 12(b)(6), a plaintiff must set out

"sufficient factual matter" to show that his claim is facially plausible. *Ashcroft

v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires more

than a mere possibility that the defendant is liable for the alleged misconduct.

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679.

When evaluating the plausibility of a complaint, the court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. *Id.* However, the court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a district court's screening under Section 1915A and 1915(e)(2). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Courts must liberally construe complaints brought by *pro se* litigants. *Sause v. Bauer*, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff's claims are filed pursuant to 42 U.S.C. §1983. Section 1983 authorizes redress for violations of constitutional rights and provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the

4

> deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for
> redress . . . .

42 U.S.C. §1983. Thus, to establish a successful claim under Section 1983,
a plaintiff must demonstrate that the challenged conduct was committed by
a person acting under color of state law and deprived the plaintiff of rights,
privileges, or immunities secured by the Constitution or laws of the United
States. *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997). By its terms,
Section 1983 does not create a substantive right, but merely provides a
method for vindicating federal rights conferred by the United States
Constitution and the federal statutes that it describes. *Baker v. McCollan*,
443 U.S. 137 (1979).

A defendant cannot be liable for a violation of a plaintiff's civil rights
unless the defendant was personally involved in the violation. *Jutrowski v.
Twp. of Riverdale*, 904 F.3d 280, 289 (3d Cir. 2018). The defendant's
personal involvement cannot be based solely on a theory of *respondeat
superior. Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather,
for a supervisor to be liable for the actions of a subordinate, there must be
allegations of personal direction or actual knowledge and acquiescence. *Id.*

The court liberally construes Quick's complaint as advancing a single
claim for violation of the Fourteenth Amendment's Due Process Clause

5

based on the withholding of his commissary order. This claim will be dismissed. Claims based on destruction or deprivation of a prisoner's personal property fail as a matter of law if the government provides adequate post-deprivation procedures to remedy the loss of the property. *Hudson v. Palmer*, 468 U.S. 517, 533-34 (1984). The Third Circuit has held that the DOC's grievance process generally provides an adequate post-deprivation procedure for the deprivation of property, *see Pressley v. Johnson*, 268 F. App'x 181, 183 (3d Cir. 2008); *Jordan v. Horn*, 165 F. App'x 979, 981 (3d Cir. 2006), and Quick has not made any allegations as to how the grievance process was inadequate in this case. Accordingly, his complaint will be dismissed.

Before dismissing a civil rights claim for failure to state a claim, a district court must permit a curative amendment unless the amendment would be inequitable or futile. *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). Here, the court will grant Quick leave to file an amended complaint because the court cannot say as a matter of law that amendment would be inequitable or futile.

## III.    CONCLUSION

For the foregoing reasons, the court will dismiss Quick's complaint without prejudice and grant him leave to file an amended complaint. An appropriate order shall issue.

**Malachy E. Mannion**
**United States District Judge**

**Dated:** 10/21/25
25-1346-01